MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON
Deputy Chief, Criminal Division

Thomas E. Stevens (CABN 168362)
Assistant United States Attorney

   450 Golden Gate Ave., Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-7200
   Fax: (415) 436-7234
   E-Mail: Thomas.Stevens@usdoj.gov

Attorney for the United States

**FILED**

JUL 19 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>JOSEPH J. VIOLA, aka<br>   aka GIUSEPPE VIOLA<br><br>   Defendant. | CR-10-0588 WHA<br><br>STIPULATION AND [PROPOSED]<br>PROTECTIVE ORDER RE: DISCOVERY |

     The United States, through its counsel of record, and defendant Joseph J. Viola, aka Giuseppe Viola, *pro se*, hereby agree and stipulate that the government will provide discovery on the following conditions:

    1.      <u>Protected Material</u>

     In light of the scope of discovery in this case, and the fact that material portions of that discovery may include personal information of third parties such as investors, all discovery produced in this matter shall be deemed Protected Material. Possession of copies of the Protected Material is limited to defendant Viola, his attorney of record (if any), and investigators,

[PROPOSED] PROTECTIVE ORDER
CR-10-0588 WHA

paralegals, law clerks, experts and assistants for the defendant and/or his attorney of record (hereinafter collectively referred to as "members of the defense team").

Defendant, his attorney of record (if any), and members of the defense team acknowledge that providing copies of the Protected Material to other persons is prohibited, and agree not to duplicate or provide copies of the Protected Material to other persons. Defendant, his attorney of record, and members of the defense team may show Protected Material to witnesses or prospective witnesses in conjunction with their defense in this case. Defendant, his attorney of record, and members of the defense team further acknowledge that they are prohibited from using the Protected Material for any purpose other than defending defendant in the above-captioned matter. Any violation of these prohibitions constitutes a violation of the Protective Order.

Defendant further agrees that, prior to disseminating any copies of the Protected Material to members of the defense team, he will provide to them a copy of this Protective Order and, attached to it, an Acknowledgment in the form attached to this Protective Order. Each member of the defense team shall sign the Acknowledgment, which shall state that he or she (a) has read the Protective Order and understands it, (b) will comply with the Protective Order, and (c) understands that failure to comply will constitute a violation of the Protective Order. Defendant shall maintain the originals of all executed Acknowledgments and shall produce them if ordered to do so by the Court.

Defendant and members of the defense team agree that, should any personal information (including, but not limited to, social security numbers, phone numbers, addresses, driver license numbers, account numbers) be found during their review of this material, they will not provide that personal information in any form – whether in verbal, written or electronic format – to any third party, for any reason whatsoever.

2. Court Filings

The parties agree that they will make good faith efforts to undertake all reasonable and practicable steps to prevent the public disclosure of personal information in court filings and motion and trial proceedings. Such steps may include, but are not limited to, redacting or coding

1  the information, or filing under seal.

2      3.      Return of Protected Material

3  Defendant and members of the defense team shall return all Protected Material provided pursuant to this Order to the government within fourteen (14) calendar days after any one of the following events, whichever occurs latest in time:  (a) dismissal of all charges against defendant; (b) defendant's acquittal after trial by court or jury; (c) the expiration of the time period in which a direct appeal may be taken, if defendant is convicted; or (d) if a direct appeal is taken, the date on which any such appeal is finally determined.  In the event that defendant and/or members of the defense team have made notes or marks on the Protected Material constituting attorney work product, defendant and/or members of the defense team shall return such Protected Materials to the government in a sealed container labeled "WORK PRODUCT-DESTROY."

Upon the conclusion of proceedings in the district court and, if applicable, any direct appeal in the above-captioned case, the government will maintain a copy of all Protected Materials produced by the government.  The government will maintain such documents until the time period for filing a motion pursuant to 28 U.S.C. § 2255 has expired.  After the statutory time period for filing such a motion has expired, the government may destroy the documents.

SO STIPULATED.

Date: July 19, 2011

MELINDA HAAG
UNITED STATES ATTORNEY

_____
Thomas E. Stevens
Assistant U.S. Attorney

_____
Joseph J. Viola aka Giuseppe Viola, *pro se*
Defendant

[PROPOSED] PROTECTIVE ORDER
CR-10-0588 WHA                                3

**[PROPOSED] ORDER**

IT IS SO ORDERED.

Date: July 19, 2011

_____
HON. WILLIAM H. ALSUP
UNITED STATES DISTRICT JUDGE

## ACKNOWLEDGMENT

I am a member of the "defense team" as defined in the Protective Order entered in <u>United States v. Viola,</u> CR-10-0588 WHA. I have read the Protective Order and understand it. I will comply with the Protective Order, and I understand that failure to comply will constitute a violation of the Protective Order and may subject me to sanctions imposed by the Court.

Dated:

Signature: _____

Printed Name: _____

[PROPOSED] PROTECTIVE ORDER
CR-10-0588 WHA                                       5