UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| USA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VIOLA,<br><br>　　　　Defendant. | Case No. 5:10-cr-00588-EJD-1<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 127, 139 |

Pro se Defendant Joseph J. Viola (also known as Giuseppe Viola) filed a petition to vacate his sentence under 28 U.S.C. § 2255. The government moves to dismiss. Because Viola waived his right to seek review under § 2255, the government's motion will be GRANTED.

**I.　BACKGROUND**

Viola operated a fraudulent investment scheme that cost its victims over $7 million. Dkt. No. 77; Dkt. No. 102 at 6. He pleaded guilty to one count of mail fraud and was sentenced to 105 months in prison. Dkt. No. 102 at 2. As part of his guilty plea, Viola agreed to waive his right to

appeal or file any collateral attack on his conviction or sentence, including a petition under § 2255. Dkt. No. 77 at 4.

Nonetheless, Viola appealed, arguing that the waiver was unenforceable because the government had breached the plea agreement. Dkt. No. 121 at 2. The Ninth Circuit dismissed his appeal (id.) and the Supreme Court denied review (Dkt. No. 125). Viola then filed a petition in this Court to vacate his sentence under § 2255. Dkt. No. 127. The government now moves to dismiss his petition. Dkt. No. 139.

## II. LEGAL STANDARD

A prisoner "may move the court which imposed the sentence to vacate, set aside or correct the sentence" under 28 U.S.C. § 2255(a). A response from the government[1] and a hearing are required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." Id. § 2255(b). But a court need not hold a hearing if a prisoner's allegations fail to state a claim for relief. United States v. Leonti, 326 F.3d 1111, 1116 (9th Cir. 2003).

Prisoners can waive their right to bring § 2255 petitions. United States v. Nunez, 223 F.3d 956, 959 (9th Cir. 2000). "A defendant's waiver of his appellate rights is enforceable if . . . the waiver is knowingly and voluntarily made." United States v. Jeronimo, 398 F.3d 1149, 1154 (9th Cir. 2005). Like waivers of appellate rights, waivers of § 2255 petitions are enforceable because a § 2255 petition is a statutory right, and a "knowing and voluntary waiver of a statutory right is enforceable." United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993).

## III. DISCUSSION

### A. Viola waived his right to bring a § 2255 petition.

The government argues that Viola waived his right to bring a § 2255 petition. Mot. to Dismiss ("MTD"), Dkt. No. 139 at 10–17. In his plea agreement, Viola agreed to forgo appeals

---

[1] This Court requested a response from the government. Dkt. No. 133. The government filed its motion to dismiss (Dkt. No. 139), Viola filed an opposition (Dkt. No. 142), the government filed a reply (Dkt. No. 143), and Viola filed a "reply to government responsive pleading" (Dkt. No. 144).

2
Case No.: 5:10-cr-00588-EJD-1
ORDER GRANTING MOTION TO DISMISS

and collateral attacks on his sentence and conviction, including § 2255 petitions:

> 4. I agree to give up my right to appeal my conviction, the judgment, and orders of the Court. I also agree to waive any right I may have to appeal any aspect of my sentence, including any orders relating to forfeiture and/or restitution.
>
> 5. I agree to waive any right I may have to file any collateral attack on my conviction or sentence, **including a petition under 28 U.S.C. § 2255** or 28 U.S.C. § 2241, or motion under 18 U.S.C. § 3582, at any time in the future after I am sentenced. I understand that the government will not preserve any physical evidence obtained in this case.

Dkt. No. 77 at 4 (emphasis added).

§ 2255 waivers are enforceable if "(1) the language of the waiver encompasses the defendant's right to file a § 2255 motion on the grounds claimed in the motion, and (2) the waiver is knowingly and voluntarily made." United States v. Chavez, No. 2:13-cr-0028 MCE AC, 2014 WL 2154473, at *2 (E.D. Cal. May 22, 2014) (citing Nunez, 223 F. 3d at 958). Both requirements are satisfied here: first, the waiver language explicitly covers § 2255 petitions; and second, Viola acknowledged (and does not challenge here) that his plea was knowing and voluntary. MTD at 4.

Viola fails to explain why the waiver should not be enforced. In his opposition brief, he apparently seeks to revive the arguments he made on appeal to the Ninth Circuit. Def.'s Opp'n to Government's Mot. to Dismiss ("Opp'n"), Dkt. No. 142 at 6 ("Again, as presented in the district court, and each appellate form afterward, breach was alleged to overcome the continued viability of the plea itself, including its waivers, on the ground that a full and fair consideration of the critical clause 7(b) factors had not been afforded, and not the meaningless distinction between a one point offense level discount."). On that appeal, Viola argued that the waiver was unenforceable because the government breached the plea agreement. United States v. Joseph Viola, No. 12-10091 (9th Cir. filed Jan. 10, 2013). The Ninth Circuit disagreed, holding that the "appeal waiver applies and is enforceable . . . ." Dkt. No. 121 at 2.

Viola may not raise the same issue in a § 2255 petition. See United States v. Currie, 589 F.2d 993, 995 (9th Cir. 1979) ("Issues disposed of on a previous direct appeal are not reviewable

3

Case No.: 5:10-cr-00588-EJD-1
ORDER GRANTING MOTION TO DISMISS

in a subsequent § 2255 proceeding."); Medrano v. United States, 315 F.2d 361, 362 (9th Cir. 1963) ("Grounds which were apparent when appellant took the original appeal cannot be made the basis for a second attack under § 2255."). Because he gives no new reasons why the waiver should not be enforced, the Court finds that Viola waived his right to challenge his sentence in a § 2255 petition.

### B. The United States properly filed and served its motion to dismiss.

Viola argues that the government failed to properly file and serve its motion to dismiss. Opp'n at 1–2. The Court disagrees.

The government's response to Viola's § 2255 petition was originally due on September 28, 2015. Dkt. Nos. 133, 136. This Court granted the government's request to extend the deadline to October 28, 2015. Dkt. No. 136. The government timely filed its motion on October 28, 2015. Dkt. No. 139. The government has submitted proof that it delivered a copy of the motion on the same day to a FedEx facility for mailing, and that the mailing was delivered. Dkt. No. 143-1; see also Fed. R. Civ. P. 5(b)(2)(C) ("A paper is served under this rule by . . . mailing it to the person's last known address—in which event service is complete upon mailing").

The government's motion was timely filed and properly served.[2]

### C. The indictment properly alleged mail fraud.

Viola argues that "the indictment, and by extension the plea agreement, fails to allege a federal offense" because he hand-delivered some of his fraudulent monthly account statements to the victims of his scheme instead of delivering them by mail. Opp'n at 5. As a result, he argues, this Court lacked subject-matter jurisdiction had no power to impose a sentence. Id.

Regardless of its merits, Viola cannot raise this argument in a § 2255 petition because he failed to raise on appeal. Under the doctrine of procedural default, relief for a claim under § 2255 is waived unless the defendant previously raised it on direct appeal. See, e.g., Bousley v. United

---

[2] Viola made the same argument in his "Motion to Strike the Respondent's Answer as Untimely" at Dkt. No. 138. That motion will be denied.

4
Case No.: 5:10-cr-00588-EJD-1
ORDER GRANTING MOTION TO DISMISS

States, 523 U.S. 614 (1998) (holding that a claim is procedurally defaulted if it could have been "fully and completely addressed on direct review"); United States v. Dunham, 767 F.2d 1395, 1397 (9th Cir. 1985) ("Section 2255 is not designed to provide criminal defendants repeated opportunities to overturn their convictions on grounds which could have been raised on direct appeal."). "If a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so, he must demonstrate both cause excusing his procedural default, and actual prejudice resulting from the claim of error." United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993) (citing United States v. Frady, 456 U.S. 152, 168 (1982)).

Viola has not explained any cause for his failure to raise this issue on appeal. His jurisdictional claim is procedurally defaulted.

## IV. CONCLUSION

The government's motion to dismiss (Dkt. No. 139) is GRANTED. Viola's § 2255 petition (Dkt. No. 127) and his motion to strike (Dkt. No. 138) are DENIED.

The Clerk shall close the companion civil case, 5:15-cv-02366-EJD.

**IT IS SO ORDERED.**

Dated: March 30, 2017

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:10-cr-00588-EJD-1
ORDER GRANTING MOTION TO DISMISS

5